**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN MANUEL MICHEL-PANDURO,
AKA Juan Manuel Michel,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-73261

Agency No. A200-155-655

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Juan Manuel Michel-Panduro, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

terminate and dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for withholding of removal and denying his request for a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of withholding of removal for substantial evidence, and we review questions of law de novo. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We review for abuse of discretion the agency's denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Michel-Panduro's contentions as to past persecution and a "former landowner" particular social group because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Michel-Panduro failed to establish a clear probability of future persecution in Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). Thus, Michel-Panduro's withholding of removal claim fails.

The IJ did not abuse her discretion in denying Michel-Panduro's request for a continuance where Michel-Panduro failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider).

Lastly, the BIA did not err in denying Michel-Panduro's motion to terminate proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**